1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                        SOUTHERN DISTRICT OF CALIFORNIA

8    ROBERT JAMES DUDASH; YESHUA          Case No.:  22-cv-154-CAB-BLM
     IS DIOS DUDASH; LOGOS ELYON
9    DUDASH,
                                          **ORDER:**
10                          Plaintiffs,   **1) DENYING MOTION TO**
                                          **PROCEED IN FORMA PAUPERIS**
11   v.                                   **[Doc. No. 2]; and**

12   MARIAN F. GASTON, et al.,
                                          **2) DISMISSING CIVIL ACTION**
13                          Defendants.    **PURSUANT TO 28 U.S.C. §**
                                          **1915(e)(2)(B)(iii).**
14

15

16        Plaintiffs Robert James Dudash, Yeshua Is Dios Dudash, and Logos Elyon Dudash,

17   all non-prisoners, filed this civil action against a host of defendants, including Judge

18   Marian F. Gaston, Judge Gary M. Bubis, various Child Protective Services ("CPS")

19   employees, and Polinsky Children's Center, among others.  [Doc. No. 1.]  Plaintiffs did

20   not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead,

21   they filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

22   [Doc. No. 2.]

23        **I.     Motion to Proceed IFP**

24        Generally, all parties instituting a civil action in this court must pay a filing fee.  *See*

25   28 U.S.C. § 1914(a); CivLR 4.5(a).  However, under 28 U.S.C. § 1915(a), the court may

26   authorize the commencement, prosecution or defense of any suit without payment of fees

27   if the plaintiff submits an affidavit, including a statement of all his or her assets, showing

28   that he or she is unable to pay filing fees or costs.  "An affidavit in support of an IFP

1

1    application is sufficient where it alleges that the affiant cannot pay the court costs and still

2    afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

3    "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness

4    and certainty." *Id.* (internal quotation marks omitted).  The granting or denial of leave to

5    proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v.*

6    *Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

7         Here, Plaintiffs have failed to properly complete the application to proceed in district

8    court without prepaying fees or costs.  [Doc. No. 2.]  The application is devoid of any

9    information regarding Mr. Dudash's employment history, cash, assets, debts, dependents,

10   or average expenses, and therefore lacks the "particularity, definiteness and certainty"

11   required to support a request to proceed IFP.  *See Escobedo*, 787 F.3d at 1234.

12   Accordingly, Plaintiff's Motion to Proceed IFP is **DENIED** without prejudice, subject to

13   refiling a completed application.

14        **II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

15        Notwithstanding the Court's denial of Plaintiffs' Motion to Proceed IFP, the Court

16   also analyzes the sufficiency of Plaintiffs' complaint under 28 U.S.C § 1915.  A complaint

17   filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to

18   *sua sponte* dismissal if it is "frivolous or malicious; fails to state a claim upon which relief

19   may be granted; or seeks monetary relief against a defendant who is immune from such

20   relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001)

21   ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *see also*

22   *Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B)

23   "mandates dismissal—even if dismissal comes before the defendants are served").

24   Congress enacted this safeguard because "a litigant whose filing fees and court costs are

25   assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

26   filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31

27   (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

28        Here, Plaintiffs bring suit against two judges of the Superior Court of San Diego

County—Judge Marian F. Gaston and Judge Gary M. Bubis—among other defendants. [Doc. No. 1.]  However, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *see also Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Partington v. Gedan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992); *Houghton v. Osborne*, 834 F.2d 745, 750 (9th Cir. 1987).  Section 1983 also prohibits the grant of injunctive relief against any judicial officer acting in her or his official capacity, "unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  Plaintiffs do not specify the form of relief they seek.  However, Plaintiffs do not state that any declaratory decree has been violated or that declaratory relief is unavailable, nor do they plead any facts specifically relating to the two judicial Defendants named. Plaintiffs therefore have not demonstrated that an exception to judicial immunity applies for Judge Gaston or Judge Bubis.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.").

Because Plaintiffs seek relief against two judicial defendants who are immune from such relief, their complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**III.   Conclusion**

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion to Proceed IFP [Doc. No. 2] is **DENIED** without prejudice, subject to refiling a completed application;

2. The complaint [Doc. No. 1] is **DISMISSED** without prejudice, subject to refiling without the two judicial officers named as Defendants.

It is **SO ORDERED**.

Dated:  February 14, 2022

_____

Hon. Cathy Ann Bencivengo
United States District Judge